Mid-State Trust IV,         )

                              )

         Plaintiff/Appellee,        )      Appeal No.

                              )      01-A-01-9703-CV-00145

v.                        )

                              )      No. 4887

Randall W. Swift,         )

                              )

         Defendant/Appellant.   )

**FILED**

July 9, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CIRCUIT COURT OF CHEATHAM COUNTY

AT ASHLAND CITY, TENNESSEE

THE HONORABLE LEONARD W. MARTIN, JUDGE

RANDALL W. SWIFT, PRO SE
1107 Nettie Drive
Ashland City, Tennessee 37015

CRAIG R. ALLEN, ESQ.
Foster, Foster, Allen & Durrence
515 Pioneer Bank Building
801 Broad Street
Chattanooga, TN 37402
      ATTORNEY FOR PLAINTIFF/APPELLEE

REVERSED AND REMANDED

SAMUEL L. LEWIS, JUDGE

<u>OPINION</u>

This is an appeal by defendant/appellant, Randall W. Swift, from the decision of the Cheatham County Circuit Court dismissing his appeal from the general sessions court. The facts out of which this matter arose are as follows.

Swift executed a promissory note and deed of trust in favor of Jim Walter Homes, Inc. ("JWH") in August 1991. The deed of trust gave JWH a security interest in a piece of property located in Cheatham County and owned by Mr. Swift. JWH subsequently assigned its security interest to plaintiff/appellee, Mid-State Trust IV.

Mid-State foreclosed on and purchased the property on 28 August 1996. Mr. Swift remained on the property after the foreclosure proceedings. Mid-State filed a detainer action against Mr. Swift in the general sessions court when Mr. Swift refused to vacate the premises. Mr. Swift failed to appear at the trial, and the general sessions court entered judgment on 23 September 1996 granting Mid-State writ of possession and ordering Mr. Swift to vacate the property in ten days.

Mr. Swift attempted to appeal the general sessions judgment on 3 October 1996. He filed an appeal bond, a pauper's oath in lieu of appeal bond, and an affidavit of indigency. Mr. Swift failed to sign the appeal bond or to list a surety. On 6 November 1996, Mid-State filed a motion to dismiss or, in the alternative, to reschedule the trial date. Mid-State argued Mr. Swift "failed to comply with the applicable detainer statutes in that he . . . failed to file a proper appeal bond with surety as required by Tennessee law." The court agreed with Mid-State's argument and dismissed the appeal by order entered 4 December 1996. Mr. Swift filed his notice of appeal to this court on 31 December 1996. Mid-State filed a motion to dismiss the appeal on 12 May 1997. Mid-State claimed Mr. Swift failed to comply with Rules 24(c) and (d) of the Tennessee Rules of Appellate Procedure and this court should not consider his brief pursuant to Rule 13(c) of the Tennessee Rules of Appellate Procedure.

It is the opinion of this court that the motion to dismiss should be overruled and the case decided on the merits. "[T]he overall intent of the rules is to allow cases to

2

be resolved on their merits. A court's construction and application of the rules should further that intent and should enhance, not impede, the search for justice." ***Johnson v. Hardin***, 926 S.W.2d 236, 238-39 (Tenn. 1996). In ***Johnson,*** the Tennessee Supreme Court determined the court of appeals erred in dismissing an appeal and denying a motion to file a late designation of a partial transcript when all the parties were aware of the basis of the appeal and a full transcript was not necessary to convey the issues. ***Id.*** at 239. The facts of this case are similar. The parties are aware that the issue before the court is whether the trial court properly dismissed the appeal for failure to file a proper bond. In addition, there is no need for a transcript or statement of the evidence as all the necessary proof is available from the technical record. Finally, this court has denied motions to dismiss for failure to comply with Rule 24(d) in the past. The court has waived the requirments of Rule 24(d) pursuant to Rule 2 and held that the court should decide the case on the technical record alone. ***See Barnes v. Miller Med. Group***, No. 01-A-01-9512-CV-00549, order (Tenn. App. 21 Feb. 1996). Such is an appropriate result in this case as well. It is also the opinion of this court that Mid-State's argument regarding Rule 13(c) must fail. Mid-State argues that "[t]he issues raised by [Mr. Swift] in his brief are completely outside the record and should not be considered pursuant to T.R.A.P. 13(c)." Although Mr. Swift failed to enumerate specific issues in his brief, he did address certain issues in his argument. He addressed the issue of whether the foreclosure was proper and the issue of whether he properly filed the bond. This court may not address the first issue because the order of foreclosure is not properly before this court. We may, however, resolve the second issue the facts of which are not outside the record. Neither Mr. Swift's failure to comply with Rules 24(c) and (d) nor his overzealous attempt at bringing forth the issues on appeal merit dismissal of the case. Thus, Mid-State's motion to dismiss is hereby overruled.

Moving on to the merits, there are two statutes relevant to the issue of whether the trial court properly dismissed Mr. Swift's appeal. The first applies to detainer actions specifically and provides:

(b)(1) If the defendant pray an appeal, then, in that case, the plaintiff shall execute bond, with good and sufficient security, in double the value of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the wrongful enforcement of such writ, and to abide by and perform whatever judgment may be rendered by the

appellate court in the final hearing of the cause.

Tenn. Code Ann. § 29-18-130(b)(1) (Supp. 1996). The second applies to civil actions in general and provides:

> (a) Any civil action may be commenced by a resident of this state without giving security as required by law for costs and without the payment of litigation taxes due by
> (1) Filing the following oath of poverty: . . .
> and
> (2) Filing an accompanying affidavit of indigency as prescribed by court rule.

Tenn. Code Ann. § 20-12-127 (Supp. 1996).

Mid-State argues Mr. Swift failed to comply with Tennessee Code Annotated section 29-18-130(b)(1), but the fact is that section does not require Mr. Swift to do anything. Instead, the section requires Mid-State, not Mr. Swift, to file an appeal bond. The section clearly states that the plaintiff, Mid-State, must execute a bond to cover all costs and damages accruing from the wrongful enforcement of the writ of possession if the defendant, Mr. Swift, pray an appeal.[1]

Therefore, the decision of the trial court is reversed and the case is remanded to the trial court for any further necessary proceedings. Costs on appeal are taxed against plaintiff/appellee, Mid-State Trust IV.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE

---

[1] *But see* Tenn. Code Ann. § 29-18-130(b)(2) (Supp. 1996) (requiring the defentdant/tenant to execute the bond when the defendant appeals an adverse decision in a detainer action invovling a landlord and tenant).

4